CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
SEP 14 2006
JOHN F. CORCORAN, CLERK
BY: /s/ Tay Coleman
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| MICHAEL A. WILLIAMS, <br><br> *Plaintiff,* <br><br> v. <br><br> TYCO ELECTRONICS CORPORATION, <br><br> *Defendant.* | CIVIL ACTION NO. 6:06-CV-00024 <br><br><br> MEMORANDUM OPINION <br><br><br> JUDGE NORMAN K. MOON |

This matter is before the Court on the summary judgment motion of Defendant Tyco Electronics Corporation ("Tyco"). For the reasons stated below, the motion will be granted in an order to follow.

**I. Background**

Plaintiff commenced this action in the Lynchburg General District Court as a "Warrant in Debt" seeking a "[r]efund of $1,200 for loss of funds due to misrepresentation of employee benefits." On May 16, 2006, Tyco timely removed this matter to this Court.

Plaintiff is employed by Tyco, which is a wholly owned subsidiary of Tyco International (US) Inc. ("Tyco International"). *Schmal Aff.* ¶3. Tyco International sponsors and administers the Tyco International (US) Inc. Flexible Compensation Plan (the "Plan"). *Id.* at ¶2. The Plan provides in part for "healthcare reimbursement accounts through which eligible employees elect to forego cash compensation on a pretax basis for reimbursement of eligible healthcare

1

expenses." *Id.* Although Tyco employees may elect to participate in the Plan, Tyco is not its administrator or fiduciary. *Id.* at ¶3.

Plaintiff decided to participate in the Plan for 2006, electing to contribute $1,200 to a healthcare reimbursement account. *P's Req. to Deny D's Plea to Dismiss*, docket no. 8 ¶1 (June 26, 2006) (hereafter "*P's Req.*").

All Tyco International employee welfare benefits, including the Plan, are governed by a Summary Plan Description entitled "For Your Benefit." *Schmal Aff.* ¶4. For Your Benefit states that health care expenses are only reimbursable under the Plan "if they are incurred while you are a participant in the plan." *For Your Benefit* at 152; *see also id.* at 147. It also specifies certain healthcare expenses not eligible for reimbursement, including "[e]xpenses incurred prior to your effective date." *Id.* at 149.

An on-line Enrollment Guide informs Plan participants that "[s]pecific guidelines on eligible health care . . . expenses are available in *For Your Benefit* and from the Internal Revenue Service . . . . The IRS can provide you with publication 502, Medical and Dental Expenses." *P's supp. Req. to Deny D's Req. for Dismissal*, docket no. 19, Exh. 1 at 17-18 (Aug. 17, 2006) (hereafter "*P's Supp. Req.*"). IRS Publication 502 states on page two:

**Introduction**
This publication explains the itemized deduction for medical and dental expenses that you claim on Schedule A (Form 1040). It discusses what expenses, and whose expenses, you can and cannot include in figuring the deduction.
. . .
**What Expenses Can You Include This Year**
You can include only the medical and dental expenses you paid this year, regardless of when the services were provided.

*Id.*, Exh. 2 at 2. Later, on pages 5 through 15, the publication addresses under separate bolded

2

headings "What Medical Expenses Are Includible?" and "What Expenses Are Not Includible?" *Id.* at 5-15. Those expenses listed as "Not Includible" include "medical expense amounts for which you are fully reimbursed by your flexible spending account [healthcare reimbursement account] if you contribute a part of your income on a pre-tax basis to pay for the qualified benefit." *Id.* at 14.

Plaintiff claims that Tyco misrepresented the scope of the Plan's coverage by referring him to IRS Publication 502 because the Plan does not reimburse medical expenses incurred prior to his enrollment in the Plan in the previous tax year. *P's Req.* ¶¶1-3; *P's Supp. Req.* at 2-3. He seeks reimbursement of $1,200.00 and court fees. *Id.* at 3; *id.* at 3.

## II. Standard of Review

Summary judgment Rule 56 of the Federal Rules of Civil Procedure is appropriate when the Court, viewing the record as a whole and in the light most favorable to the nonmoving party, determines that there exists no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *See, e.g., Celotex Corp. v. Catrett,* 477 U.S. 317, 322–24 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248–50 (1986); *Terry's Floor Fashions, Inc. v. Burlington Indus., Inc,* 763 F.2d 604, 610 (4th Cir.1985). In considering a motion for summary judgment, "the court is required to view the facts and draw reasonable inferences in a light most favorable to the non-moving party." *Shaw v. Stroud,* 13 F.3d 791, 798 (4th Cir. 1994) (citations omitted).

If the nonmoving party bears the burden of proof, "the burden on the moving party may be discharged by 'showing'. . . an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1986). If the moving party shows such an absence

3

of evidence, the burden shifts to the nonmoving party to set forth specific facts illustrating genuine issues for trial. Fed. R. Civ. P. 56(e); *Celotex*, 477 U.S. at 324. A court must grant a motion for summary judgment if, after adequate time for discovery, the nonmoving party fails to come forward with affidavits or other admissible evidence demonstrating the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex*, 477 U.S. at 322-24.

### III. Discussion

Section 402(a)(1) of the Employee Retirement Security Act ("ERISA") requires that a benefit plan must be "established and maintained pursuant to a written instrument." 29 U.S.C. §1102(a)(1). ERISA requires that a plan administrator administer a plan in accordance with its written terms.

"Oral or informal written amendments are inadequate to alter the written terms of a plan." *Biggers v. Wittek Indus., Inc.*, 4 F.3d 291, 295 (4th Cir. 1993); *see also Coleman v. Nationwide Life Ins. Co.*, 969 F.2d 54, 58-59 (4th Cir. 1992), *cert. denied*, 506 U.S. 1081 (1993) ("[E]quitable estoppel principles . . . have not been permitted to vary the written terms of a plan.").

Plaintiff's interpretation of I.R.S. Publication 502 is both unreasonable and insufficient as a matter of law to entitle him to reimbursement of his contributions. This publication describes what medical expenses are deductible for personal income taxation purposes. It says on its face that it is intended to be used "For use in preparing 2005 [tax] returns." *P's supp. Req.*, Exh. 2 at 1. The reference to it on Tyco International's website is thus logically limited to the *types* of

health expenses eligible for reimbursement under the Plan.[1] The publication mentions flexible health spending accounts ("health FSA") in passing only because when expenses are reimbursed under a health FSA, they are not also deductible. Thus, in the context of its subject matter (itemized deductions), the single provision stating that "[y]ou can include medical and dental expenses you paid this year, regardless of when the services were provided" clearly describes the timing of *deductions*—not medical expenses reimbursed by a health FSA. Nothing in Publication 502 addresses the timing of expenses eligible for reimbursement under the terms of a health FSA.

Further, the terms of the Plan explicitly preclude Williams from seeking reimbursement of any medical expense incurred prior to his enrollment date.[2] This is made clear in the Online Enrollment Guide in text found literally adjacent to the box referring to Publication 502, headed "How Reimbursement Accounts Work."[3] *P's supp. Req.*, Exh. 1 at 17-18. It is also found in the plan document For Your Benefit on pages 147, 149, and 152. Whatever confusion Williams' reading of Publication 502 caused cannot change the plan's unambiguous terms or the law governing FSAs. *See Sprague v. Gen. Motors Corp.*, 133 F.3d 388, 404 (6th Cir. 1998) (in an estoppel claim, a party's reliance on oral or written statements "can seldom, if ever, be

---

[1] I.R.S. regulations similarly define "qualified medical expenses" reimbursable from an FSA by reference to Publication 502's list. *See* I.R.S. Pub. 969, Health Savings Accounts and Other Tax-Favored Health Plans, at 13 (2005).

[2] Indeed, I.R.S. Regulations preclude the Plan from reimbursing him for claims incurred prior to his enrollment. *See* I.R.S. Pub. 969 at 13 (reimbursement available for "qualified medical expenses...*incurred during the period of coverage*.") (emphasis added); *See also Prop. Treas. Reg.* § 1.125-2, Q&A-7(a), 7(b)(6) (1989).

[3] This section describes the sequence of events approximately as: 1) Employee enrolls in an FSA. 2) Tyco takes a deduction from each paycheck. 3) *Employee incurs medical expenses.* 4) Reimbursement occurs from the FSA.

5

reasonable or justifiable if it is inconsistent with the clear and unambiguous terms of plan documents available to or furnished to the party"); *Wittek Indus.*, 4 F.3d at 296.

## IV. Conclusion

For the foregoing reasons, Tyco's Motion to Dismiss shall be granted in an order to follow.

The Clerk of the Court is hereby directed to send a certified copy of this Memorandum Opinion to all counsel of record.

ENTERED: *[signature]*
U.S. District Judge

Sep. 14, 2006
Date